IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00232-ZLW-KLM

LARRY L. GRAHAM,

    Plaintiff(s),

v.

TREATY OAK FINANCIAL CORPORATION n/k/a
AFFILIATED FINANCIAL SERVICES CORPORATION,

    Defendant(s).
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Expedited Motion for Sanctions Pursuant to F.R.C.P. 37(d)** ("First Motion for Sanctions") [Docket No. 63; filed December 21, 2007] and **Plaintiff's Expedited Motion for Sanctions, or in the Alternative, to Compel Responses to Discovery** ("Second Motion for Sanctions") [Docket No. 64; filed December 21, 2007] and **Plaintiff's Motion Requesting Ruling on Expedited Motions or, in the Alternative, Requesting Emergency Hearing** [Docket No. 68; filed January 25, 2008]. I note that, as of the date of this Order, Defendant has not responded to Plaintiff's Motions. The Court has reviewed the Motions, the case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the

Motions for Sanctions are **GRANTED IN PART AND DENIED IN PART**, as set forth below.

IT IS FURTHER **ORDERED** that **Plaintiff's Motion Requesting Ruling on Expedited Motions or, in the Alternative, Requesting Emergency Hearing** [Docket No. 68; filed January 25, 2008] is **DENIED AS MOOT**.

I.      **First Motion for Sanctions**

Plaintiff's first Motion for Sanctions [Docket No. 63] relates to Defendant's deponents' failure to appear for their court-ordered depositions. By Minute Order dated November 6, 2007, this Court allowed Plaintiff to take six (6) depositions after the discovery deadline had closed [Docket No. 58]. This same Minute Order also set the schedule by which the Plaintiff was allowed to take the depositions of these individuals who are associated with Defendant. Plaintiff states that on November 13, 2007, it provided Defendant with formal notice of the depositions of the individuals provided for in the Court's Order. *First Motion for Sanctions*, Ex. 4. Subsequently, by letter dated December 16, 2007, Defendant notified Plaintiff that "the individuals who were scheduled to testify at the depositions set for December 18-21 will not be appearing at those depositions." *Id.*, Ex. 6. Defendant provided no reason for the failure of these individuals to appear for their depositions. Due to the failure of these individuals to appear for their court-ordered depositions, Plaintiff moves for sanctions pursuant to Fed. R. Civ. P. 37(d). Plaintiff requests that a variety of sanctions be entered against Defendant, including, *inter alia*, entry of default judgment, contempt of court, and striking of Defendant's pleadings. *First Motion for Sanctions*, p. 5.

2

While the court has wide discretion in imposing sanctions on non-compliant litigants, its "discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.' " *Ehrenhaus,* 965 F.2d at 920-21 (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982)). Rule 37(d) specifically allows for sanctions based on a party's failure to appear at a scheduled deposition and authorizes the court to impose sanctions "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Pursuant to Fed. R. Civ. P. 37(d), if a party fails to appear for a deposition after proper notice or fails to answer interrogatories or to respond to a request for production, it is within the court's discretion to, among other sanctions, refuse to allow the disobedient party to present evidence. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994). Other sanctions may include entry of a default judgment or contempt judgment. *See* Fed. R. Civ. P.37(b)(2)(C) and (D). The language of 37(d) states that the sanctions provided for failure to appear for a deposition can be applied only when such failure is willful. *Peterson v. C.I.T. Corp.*, 352 F.2d 333, 336 (10th Cir. 1965). "A willful failure is any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *Id.* (internal quotations and citations omitted).

Based on Defendant's December 16, 2007 letter to Plaintiff, I must conclude that the failure of the deponents to appear was willful. However, a default or contempt judgment is a harsh sanction, proper only in the most extreme case. *Signer v. Pimkova*,

3

2007 WL 1058578, at *1 (D.Colo. 2007). I am not prepared at this time to consider such a severe sanction. Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Expedited Motion for Sanctions Pursuant to F.R.C.P. 37(d)** [Docket No. 63; filed December 21, 2007] is **GRANTED IN PART AND DENIED IN PART.** Defendant's deponents are **ORDERED** to appear for their depositions at a reasonable date and time to be chosen by Plaintiff.

IT IS FURTHER **ORDERED** that Defendant shall pay Plaintiff's reasonable attorney fees and costs incurred as a result of Defendant's deponents' failure to appear for their depositions. To that end, Plaintiff shall submit an application for fees supported by an appropriate affidavit and time records on or before **February 11, 2008**. Defendant shall respond within **seven (7) days** of the date of filing of Plaintiff's application.

## II.     Second Motion for Sanctions

Plaintiff's Second Motion for Sanctions [Docket No.64] relates to Defendant's failure to fully answer Plaintiff's first and third sets of discovery requests. In support of his Motion, Plaintiff states that he served Defendant with his First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents on June 7, 2007. *Second Motion for Sanctions*, p. 2; Ex. 1. Plaintiff states that while Defendant responded in part to the First Set of Requests, Defendant also objected and refused to answer certain interrogatories and requests for production. *Id.*; Ex. 2. By letter dated November 19, 2007, Plaintiff attempted to resolve the conflict by offering to revise the disputed interrogatories

4

and requests. *Id.*; Ex. 3. By the same letter, Plaintiff also requested that Defendant notify him if the revised requests were satisfactory by November 26, 2007, and respond to the requests by November 30, 2007. *Id.* Plaintiff states that Defendant neither notified him that the new revised requests were satisfactory, nor responded to the revised requests. *Id.* Second, Plaintiff states that he served Defendant with his Third Set of Interrogatories and Requests for Production of Documents on November 9, 2007. *Id.*; Ex. 4. Defendant's responses to Plaintiff's Third Set of Requests were due on December 12, 2007. Plaintiff states that Defendant failed entirely to respond to Plaintiff's Third Set of Requests. *Id.* at p. 3.

Due to Defendant's failures to respond to Plaintiff's Requests for Interrogatories and Production of Documents, Plaintiff moves for sanctions pursuant to Fed. R. Civ. P. 37(d). Plaintiff requests that a variety of sanctions be entered against Defendant, including, *inter alia*, entry of default judgment, contempt of court, and striking of Defendant's pleadings. *Second Motion for Sanctions*, p. 4.

Plaintiff appears to be asserting a violation of Fed. R. Civ. P. 37(a)(2)(B), which provides that, "if a party fails to answer an interrogatory submitted under Rule 33 . . . the discovery party may move for an order compelling an answer . . . ." I have reviewed the discovery requests, and find generally that the information requested either is relevant to or is likely to lead to the discovery of admissible evidence concerning the claims and defenses in this case. Further, Defendant has waived any objections he may have had to the discovery by failing to assert them within the time required by the Federal Rules of Civil

5

Procedure.  *See Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D.Colo. 2000). However, I again find that entry of a default judgment or a finding of contempt is a harsh sanction that is not yet warranted by the circumstances of this case.

Accordingly, IT IS HEREBY ORDERED that the **Plaintiff's Expedited Motion for Sanctions, or in the Alternative, to Compel Responses to Discovery** [Docket No. 64; filed December 21, 2007] is **GRANTED IN PART AND DENIED IN PART**.  Defendant is **ORDERED** to answer Plaintiff's first and third set of discovery requests on or before **February 11, 2008**.

IT IS FURTHER **ORDERED** that Defendant shall pay Plaintiff's reasonable attorney fees and costs incurred in the filing and prosecution of the two motions before the Court [Docket No. 63; filed December 21, 2007] and [Docket No. 64; filed December 21, 2007]. To that end, Plaintiff shall submit an application for fees supported by an appropriate affidavit and time records on or before **February 11, 2008.**  Defendant shall respond within **seven (7) days** of the filing date of the application.

IT IS FURTHER **ORDERED** that **Plaintiff's Motion Requesting Ruling on Expedited Motions or, in the Alternative, Requesting Emergency Hearing** [Docket No. 68; filed January 25, 2008] is **DENIED AS MOOT**.

Defendant is warned that failure to comply with this Order will result in additional sanctions.

                                          BY THE COURT:
                                          __s/ Kristen L. Mix_____

United States Magistrate Judge


Dated: January 28, 2008