IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00232-ZLW-KLM

LARRY L. GRAHAM,

　　Plaintiff,

v.

TREATY OAK FINANCIAL CORPORATION,

　　Defendant.
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on **Plaintiff's Application for Fees and Costs Pursuant to Court's Order Granting, in Part, Plaintiff's Motions for Sanctions** [Docket No. 75; filed February 12, 2008] ("Motion for Fees and Costs") and **Plaintiff's Motion Requesting Ruling on Application for Fees Prior to May 8, 2008 Hearing on Damages** [Docket No. 89; filed May 1, 2008] ("Motion for Ruling"). The Court has reviewed the Motion for Fees and Costs and the Motion for Ruling, the entire case file and applicable case law, and is sufficiently advised in the premises. Defendant has not responded to Plaintiff's Motion for Fees and Costs. Accordingly, for the reasons set forth below,

　　IT IS HEREBY **ORDERED** that the Motions are **GRANTED**.

　　The Court notes that this case presents a particularly tortured history of noncompliance with the Court's Orders on the part of Defendant. The Court further notes that Senior District Judge Weinshienk will hold a hearing on the issue of the amount of

Plaintiff's damages and the default judgment to be entered against Defendant on May 8, 2008. As Plaintiff has indicated that it requires a ruling on attorney fees and costs from this Court prior to the hearing to be held by Judge Weinshienk, and as Judge Weinshienk has referred both Motions to this Court, this Court has made an effort to expedite ruling on the Motions.

By Order dated January 28, 2008, I granted in part and denied in part Plaintiff's two Motions for Sanctions [Docket No. 70] ("January 28 Order"). In my Order, I found that the failure of Defendant's deponents to appear for their depositions was willful, and that Defendant failed to respond to certain of Plaintiff's Requests for Interrogatories and Production of Documents. *January 28 Order* [#70], pp. 4, 6. As such, I ordered Defendant to pay Plaintiff's reasonable attorney fees and costs incurred due to the failure of the deponents to appear and also incurred during the filing and prosecuting of the two Motions for Sanctions [Docket No. 63] and [Docket No. 64] that were before the Court. *Id.* I further ordered Plaintiff to submit an application for fees supported by an appropriate affidavit and time records on or before February 11, 2008, and Defendant to respond within seven days of the filing of Plaintiff's application. *Id.* Plaintiff filed his application for fees and costs on February 12, 2008 [Docket No. 75]. Defendant has not filed a response to the application for fees as of the date of this Order.

Pursuant to D.C.Colo.LCivR 54.3(B)(1), a motion for attorney fees shall include "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed . . . ." Plaintiff has submitted the affidavit of Jessica L. Grether, Esq. [Docket No. 75-2] and a detailed Bill of Costs [Docket No. 75-3]. As per these documents, Plaintiff has incurred attorney fees and paralegal fees in the amount of

2

$16,660.40 and other costs in the amount of $771.88, for a total of $17,432.28. I find that Plaintiff has satisfied the requirements of Local Rule 54.3(B)(1).

The starting point for any calculation of a reasonable attorney's fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996). Generally, a party seeking an award of attorney fees and costs must demonstrate that the fees and costs he seeks are reasonable. *Dewey v. Hewlett Packard Co.*, 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, Counsel must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 435.

Having reviewed the affidavit and the Bill of Costs submitted by Plaintiff, I find that the fees and costs incurred by Plaintiff in connection with Defendant's deponents' failure to appear for their December depositions and Plaintiff's Motions for Sanctions [Docket No. 63; filed December 21, 2007] and [Docket No. 64; filed December 21, 2007] are reasonable and not "excessive, redundant or otherwise unnecessary." *Id.*

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion Requesting Ruling on Application for Fees Prior to May 8, 2008 Hearing on Damages** [Docket No. 89; filed May 1, 2008] is **GRANTED**.

IT IS FURTHER **ORDERED** that **Plaintiff's Application for Fees and Costs Pursuant to Court's Order Granting, in Part, Plaintiff's Motions for Sanctions** [Docket No. 75; filed February 12, 2008] is **GRANTED**. Defendant shall pay **$17,432.28** toward the attorney fees and costs incurred by Plaintiff.

Dated: May 5, 2008

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix